*Copy*

CR 04-00017

CV 07 - 0028

FILED
Clerk
District Court

SEP 12 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE MARIANA ISLANDS

For The Northern Mariana Islands
By_____
(Deputy Clerk)

MOTION TO VACATE , SET ASIDE OR CORRECT SENTENCE

PURSUANT TO TITLE 28 U.S.C. § 2255 (¶6) (3)

CRISPIN ATALIG TAITANO
FEDERAL CORRECTIONAL INSTITUTION
POST OFFICE BOX 9000
SAFFORD, ARIZONA 85548

## STATEMENT OF JURISDICTION

The District Court For the Mariana Islands has jurisdiction to hear the defendants 28 U.S.C. § 2255 (6)(3), brief to Vacate Set Aside or Correct sentence.

## TIMELY FILED

The defendant's Brief is timely filed because of the new Supreme Court case **Cunningham v. California,** 28 U.S.C. § 2255 (6) (3), states that when a new Supreme Court case is applicable to the defendant's brief the defendant can use the case and make a challenge for review that the defendant wasn't able to make upon conviction.

## BAIL STATUES OF DEFENDANT

Mr. Crispin Atalig Taitano is currently incarcerated within the Bureau of Prisons at Safford, Federal Correctional Institution serving a 60 month sentence imposed by the District Court For the Mariana Islands.

## ISSUES PRESNTED FOR REVIEW

The defendant would like to challenge the 5 year sentence that was imposed the 5th day of September.  Also the defendant has ineffective assistance of counsel issues, and the unconstitutionality of the District Court through way of incarceration fee the legal right to take all of the defendant's money when the defendant signed a plea agreement stating $ 100,00 fine for assessment and $ 10,000.00 dollar fine.

## STATUES  AND  AUTHORITIES

1.  CUNNINGHAM v. CALIFORNIA, 166 L.Ed. 2d 856, 2007 U.S LEXIS 1324
    PAGE # 1, 5,7

2.  BLAKELY v. WASHINGTON, 542 US 296, 124 S. Ct 2531, 159 L.Ed 2d 403 2004
    U.S LEXIS 4537 PAGE # 2,5,6,7

3.  UNITED STATES v. BOOKER, 543 US 220, 125 S. Ct 738 160 L.Ed 2d 621, 2005
    U.S LEXIS 628 PAGE # 2,6

4.  APPRENDI v. NEW JERSEY, 530 U.S 466, 490 (2000))
    PAGE # 2,6

5.  STRICKLAND v. WASHINGTON, 466 US 668, 80 L.Ed 2d 674, 104 S. Ct 2052
    PAGE # 3,4

6.  MCMANN v. RICHARDSON, 397, US 759, 771
    PAGE # 4

7.  UNITED STATES v. QUINTERO-BARRAZA, 78 F.3d 1344, 1348
    PAGE # 4

8.  HILL v. LOCKHARD, 474 US 52, 59
    PAGE # 4

9.  UNITED STATES v. AMELINE, 376 F.3d 967
    PAGE # 7

10. UNITED STATES v. HALPER, 490 US 435, 104 L.Ed 2d 487, 109 S. Ct 1892
    PAGE # 10

11. UNITED STATES v. MORTIMER, 52 F.3d 429 116 S. Ct 208, 133 L.Ed 2d 141
    PAGE # 11

12. UNITED STATES v. 191,910.00, 16, F.3d 1051- 1066 - 71
    PAGE # 11

13. UNITED STATES v. 405,089.23, 33 F.3 1210
    PAGE # 11

## AUTHORITIES

1.  28 U.S.C. § 2255 (6) (3)

2.  18 U.S.C. § 3553 (b) (1)

3.  18 U.S.C. § 3553 (a)

4.  18 U.S.C. § 2252A (a) (2) (A)

5.  18 U.S.C. § 2252 (b) (1)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CASE NO: 04-00017 |
| vs. | ) MOTION TO VACATE, SET ASIDE OR<br>  CORRECT SENTENCE PURSUANT TO |
| CRISPIN ATALIG TAITANO | ) TITLE 28 U.S.C. § 2255 (¶6) (3) |
| Defendant. | ) |

_____

COMES NOW the defendant Crispin Atalig Taitano before the honorable court

and respectfully moves this court pursuant to 28 U.S.C. § 2255 (¶6) (3) which

States:

" A one-year period of limitation shall apply to a motion
  under this section.  The limitation period shall run from
  the latest of-

(3) the date on which the right asserted was initially
    recognized by the Supreme Court, if that right has
    been newly recognized by the supreme court and
    applicable to cases on collateral review;

That newly recognized Supreme Court case was handed down by the high

court on January 22, 2007 in **Cunningham v. California** 166 L. Ed.2d 856, 2007

U.S LEXIS 1324.  In the **Cunningham,** decision the Justices decided in Apprendi

v. New Jersey (2000) 530 U.S 466, 120 S.Ct. 2348, 147 L.Ed. 2d 435, 2000 U.S

LEXIS 4304, the United States Supreme Court held that, under the Federal Constitution's

Sixth Amendment, any fact ( other than a prior conviction) that exposes a

defendant to a sentence in excess of the relevant statutory maximum must-unless

admitted by the defendant-be (1) found by a jury, not a judge; and (2) established

beyond a reasonable doubt, not merely by a preponderance of the evidence.

Subsequently, the Supreme Court applied the Appredi rule to facts permitting a sentence in excess of the "standard range" under a states sentencing scheme ( **Blakely v. washington (2004)** 542 U.S 296 124 S. Ct 2531, 159 L. 2d 403, 2004 U.S LEXIS 4537).  In **United States v. Booker (2005)** 543 U.S 220, 125 S.Ct. 738, 160 L. Ed. 2d 621, 2005 U.S. LEXIS 628, (1) the Apprendi rule was applied to facts triggering a sentence-range elevation under the them-mandatory Federal Sentencing Guidelines, and (2) those guidelines were made advisory only.

Under a determinate-sentencing system enacted by California in 1977, (1) must offenses was punishable by imprisonment for one of three fixed terms of years (lower term, middle term or upper term); (2) the trial judge had no discreation to select a sentence within a range of years between those terms; (3) the judge was obligated to sentence a defendant to the middle term, unless the judge found facts that (a) were beyond the elements of the charged offense, (b) related to either the offense or the offender and (c) would allow imposition of an upper-term or lower-term sentence; (4) the judge, and not the jury, had the authority to find aggravating facts that would permit a sentence to be elevated to an upper-term sentence; and (5) such aggravating facts needed to be established by only a preponderance of the evidence, not beyond a reasonable doubt.

### THIS DEFENDANT IS CLAIMING INEFFECTIVE ASSISTANCE OF COUNSEL

" **Defense counsel's errors or omissions must reflect a failure to Exercise the skill, judgement, or diligence or a reasonable competent criminal defense attorney – they must be errors a reasonable competent attorney acting as a dilligent conscientious advocate would have made ...**"

And it is for that reason that the interest in this matter now before the court was not served by the District Court or the defendants counsel and his ability to protect his client from his own misjudgement and egregious error of law and continuing inability to be correct in skill, judgement and knowledge of the basic statue of the Federal Court of this nation. The continuum of errs of both procedure as well as filings and sentence impositions continue to show and be proof of the claim to ineffective assistance of counsel.

The case at bar and without a doubt shows that the interest of justice was not served and that the only action was a miscarriage of justice in fact that the defense counsel allowed his client to be sentenced and convicted or to sign a plea agreement forbidding his right to appeal the use of the statues or the sentence used in his commitment asks the question of what clear and present assistance this counsel did provide if any.

In **Strickland v. Washington** 466 U.S. 668, 80 L. Ed. 2d 674, 104 S.Ct 2052, the high court makes the definition very clear when it states (1) A convicted defendant alleging ineffective assistance of counsel must show not only was the counsel not functioning as the counsel guaranteed by the **Sixth Amendment** so as to provide reasonable effective assistance but also that counsels errors was so serious as to deprive the defendant of a fair trial or negotiation because of a reasonable probability that, but for counsel's unprofessional errors, the result would have been diffrent; and (2) neither branch was shown because the evidence which the defendant argued that counsel should have offered would have been a little help and would have allowed the introduction of other evidence, which counsel successfully moved to exclude, which would have been harmful to his case.

Mr. G. Anthony Long my attorney of record mislead me many times through out the negotiation process of this case. This defendant was informed by counsel that this defendant would do no **Prison Time** and that this defendant would receive a mere fine for the charges in this case. If the defendant would have been informed that **Jail Time** was a possibility this defendant would of took this case before the court for a hearing. In **McMann v. Richardson,** 397 U.S 759, 771 n. 14 (1970). It states that the **Sixth Amendment** entitles a criminal defendant to be represented by an attorney whose role is to ensure that the defendant receives a fair trial and or negotiation. See **Strickland** at 685. To achieve this purpose , "the right to counsel is the right to the effective assistance of counsel". In **United States v. Quintero-Barraza,** 78 F.3d 1344, 1348 (9th Cir 1996). In order for counsel to be deficient, the counsel must have " made errors very serious errors that show clearly that the counsel was not operating as counsel is guaranteed by the **Sixth Amendment.** The counsel of record gave this defendant below adequate counsel. He was misleading and this defendants counsels actions showed this defendant that his interest was the interest of the prosecution, not the defendant.

In **Hill v. Lockhard,** 474 U.S. 52, 59 (1985), the court shows that counsel conduct must be reasonable and competent. This defendant received below standard representation on this case as a whole. The defendant was coerced and mislead through out the plea agreement process of this case. This defendant would like to see justice prevail on the future proceedings of this case. This defendant was also misinformed concerning the restitution payments that the court later imposed on the defendant. Because of the nature of this offense this defendant has been predudiced against and over **punished.**

**The defendant is being held unconstitutionally for a case
that was built on intrapment and coercion ...**

## STATEMENT OF FACTS

On and around the 5th day of September this defendant was sentenced to

a charge of Title 18 U.S.C § 2252 A (a)(2)(A) Receipt of Child Pornography,

also the charge of Title 18 U.S.C § 2252(b)(1) receipt of Child Pornography.

The case as a whole was unconstitutional for many reasons. (1) The police

coerced the defendant to sign a waiver to allow the officers to search this

defendants property and, (2) The police entrapped this defendant by participating

in mail fraud and leading the defendant to believe that there was mail that

the defendant needed to be picked up from a post office box.

This defendant was sentenced to a lengthy **Prison** sentence for a first

offense charge.  In **cunningham v. California** the ground breaking case that

was decided January 22, 2007 the similarities are very appropriate as for

in **Cunningham** the defendant was charged to sexual abuse of a child under the

age of 14 years old.  In that case the defendant could of received a lower-

term of six years imprisonment, a middle-term of 12 years imprisonment, and

a upper-term of 16 years imprisonment.  This case is very much the same as

far as the sentencing aspect of this case.  Just like in **Cunningham v. California,**

166 L. Ed. 2d 856, 2007 U.S. LEXIS 1324 (No. 05-6551), the court had more

than one option as far as punishment in that case.

Now that the sentencing guidelines are advisory only the court has many

more options when it comes to the sentencing of a defendant.  Because of these

recent changes taking place in the sentencing guidelines this defendant should

be bought back before the court and sentenced to the lower-term of the sentencing

guideline.  In **Blakely v. Washington,** 124 S.Ct. 2531 (2004),

-5-

Other than a fact of a prior conviction, and fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 4, quoting **Apprendi v. New Jersey,** 530 U.S 466, 490 (2000)).

This issue is now moot because of the Supreme Court's holding in **United States v. Booker,** 2005 WL 50108 (U.S Jan. 12, 2005), which pronounced that the United States Sentencing Guidelines, as written, violates the **Sixth Amendment** principles articulated in **Blakely v. Washington,** 124 S.Ct 2531 (2004).  The court severed and excised the statutory provisions making the guidelines mandatory, 18 U.S.C § 3553(b)(1) and declared the guidelines " effectively advisory." In **Booker,** 2005 WL 50108, this ruling results in a system in which the sentencing court, while informed by the guidelines, may impose any sentence within the statutory maximum penalty for the offense of conviction.  The sentence will subject for review for "reasonableness."

The Guidelines, consisted of offense characteristics and various grounds for departure, address all of the considerations relevant to sentencing, as articulated in 18 U.S.C § 3553(a), such as " the nature and circumstances of the offense and the history and characteristics of the defendant;" " the need for the sentence imposed- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from future crime.  This defendants criminal history is non-existant.

This defendant has never been in trouble with the law, and should be given a lessor sentence so that justice can prevail on this matter.

-6-

This defendant has shown the court through clear concrete case law the unfairness of this defendant's sentence.  This defendant has backed this statement up with clear laws such as **Cunningham v. California,** that shows the three ways a defendant can be sentenced, and the fact that when the defendant was sentenced the sentencing Guideline was mandatory.  This defendant is a first time offender that should of had the consideration during sentencing.  In **Blakely v. Washington,** it explained clearly that the sentencing guidelines is advisory only and because of this fact justice can prevail on this case. In **United States v. Ameline,** 376 F.3d 967 9th Cir (2004), it clearly shows the fact that it is a **Sixth Amendment** violation for a defendant to be enhanced without a trail by a jury of the defendants peers.

The court can remand the defendant and sentence the defendant to a lessor term.  In **Booker,** the court clearly shows that the sentencing court is now able to give the defendant a sentence that is subject to " reasonableness." This defendant is not a danger to society or to anyone and should in just be given a reduction of sentence so that this defendant can move foward with normal life.

> **The restitution Fee's or Civil Forfeiture the Government imposed constitutes " Punishment." Because the Government is attempting to exact this form of " Punishment " in a seperate proceeding from the claimants criminal trials, this action is barred by the Double Jeopardy Clause.**

### STATEMENT OF FACT

When this defendant was sentenced on the 5th day of September, the Government imposed a fine of $ 10,000 dollars and a restitution fee.  The amount of this said fee during the sentencing proceedings of this case were never disclosed during those proceedings.  It wasn't intill three months after sentencing that this defendant was given the amount of this said fee.

In and around the beginning of January 2007 this defendant started receiving certified letters from the court. Because of the fact that the defendant is not an attorney this defendant left the letters un-open intill he could find someone that he thought could understand the correspondence. It was months after the defendant received correspondence from the court that the letters was finally opened. Around the time of May the letters was opened and this defendant understood that the Government was using the power of the court to take all of the defendants finances. The court had filed a Garnishment motion against the defendant's account and was in the process of taking all the defendant's currency.

The Bureau of Prisons was taking money off the defendant's account monthly and making the defendant sign financial waivers to ensure that the defendant paid the money that BOP wanted the defendant to pay. The first waiver that the defendant signed was paid monthly and the defendant never missed a payment. Shortly after that the BOP asked the defendant to sign another waiver for more money to be taken off the defendant's account and again the defendant signed the waiver and allowed the BOP to take the money off of the defendants account. Never at anytime did this defendant not pay what the BOP asked the defendant to pay.

Since the Government uses the BOP as a collection agent this defendant never did anything but pay what was told to the defendant to pay. The Government never had any reason to Garnish this defendant's money. The defendant followed all the rules and regulations that was told to the defendant, and the only thing that the defendant has to show for it is a bank account that has been Garnished by the Government.

-8-

This incarceration fee is fraudulent and must be dropped.  The charges that this defendant is incarcerated for doesn't merit a restitution fee.  This is an attempt by the government to take all of the defendant's monetary possessions. The Plea Agreement in the defendant's case as verified by the defendant's attorney was a minimum sentence and a total fine of $ 20,000.00.  However during sentencing, an incarcerated fee or supervised release was included but without specific assessment or amount.  The Judge did not specifically address the imprisonment cost, or the monthly supervised release fee.  He stated these amounts "will be determined at a later date."

The defendant has the rights and obligation to support the livelihood of his wife and children,  The defendant has the rights and obligations to support the continuing education endeavor to his children who are currently pursuing their college and professional carreers in Oregon and Hawaii.  The defendant has made all monthly payments that the BOP has imposed, and has never missed a payment. The defendant has done nothing to warrant Garnishment proceedings. To forfeit such a life time savings from this defendant family is clearly a crime.

This defendant has clearly been wronged by the restitution fee that was imposed, and also the frudulent information that the defendant's attorney gave him and the court.  The Judge never informed the defendant that he would have to give the court all his worldly possessions on top of a five year sentence for his crime.  Because of the court Garnishing the defendant's account the defendant is unable to afford counsel to fight against the  government for the many wrongs it has imposed apon the defendant. The defendant's children are suffering because of the money that the Government took from the defendant. Also the defendant's wife is suffering because of the wrongs of the Government.

In the **Halper** decision the court clearly agreed that punishing a defendant

financially just because the Government has the power to is completely unconstitutional,

and against the defendants 5th **amendment** rights.  In **United States v. Halper,**

490 us 435, 104 L Ed 2d 487, 109 S.Ct 1892, states a civil saction that cannot

fairly be said solely to serve a remedial purpose, but rather can be explained

only as also serving either retributive or deterrent puposes, is punishment

for purposes of the double jeopardy clause of the Federal Constitution's Fifth

**amendment,** because punishment serves the twin aims of retribution and deterrence.

while retribution and deterrence are not legitimate nonpunitive govenmental

objectives; thus, a defendant who already has been punished in a criminal prosecution

may not be subjected to an additional civil sanction to the extent that the

second sanction may not be fairly characterized as remedial, but only as a

deterrent or retribution.

The statue of the defendant's charge 18 U.S.C. 2252A (a) (2) (A), has

no mention that the punishment for this charge is a five year sentence of imprisonment

and the right for the government to Garnish all of your possessions.  That

is clearly what has gone on in this case.  The government has punished the

defendant twice.  (1)  The  government has entrapped the defendant, planted

illegal pornography at a P.o box and coerced the defendant into getting mail

from the box that wasn't the defendant's (2) The government has been on a non

stop mission to take all of the defendant's money.  The defendant has cooperated

with the government completely but this was not enough for the government in

this case.  The defendant has made  all payments that the BOP has asked the

defendant to make, and the only reward that the defendant receives is Garnishing

orders, and motions explaining the governments intent to take the defendant's

retirement fund.

The Government at the time of sentence never clarified to the defendant
the amount of money that the defendant was going to be responsible to pay.
The defendant never had a fair chance to assess the financial obligation that
the government was sentencing the defendant.  The only financial responsibility
that the defendant was aware of was the $ 100.00 dollar assessment fee and
the fine of $ 10.000.00 dollars.  The defendant was not aware of the restitution
fee untill 3 months after sentencing.

The defendant's plea agreement that was signed before the court makes
no mention of a restitution fee, this little oversight has so far cost the
defendant all the money the defendant has to care for the defendant's wife
and children.  Also on the 13th day of August, 2007 the Government sent notice
by way of WRIT OF CONTINUING GARNISHMENT, the government has notified the defendant
of it's intention to garnish the defendant's retirement fund.  In **United states**
**v. Mortimer,**  52 F.3d 429 116 S. Ct 208, 133 L.ED. 2d 141 (1995), it states
clearly that the District Court may not delegate to BOP the responsibility
to devise restitution payment schedule pursuant to Bureau Inmate Financial
Responsibility Program (IFRP); allowing Prison staff to determine payment schedule
under program would be improper delegation of judicial functions inherent in
grant of restitution.

The law clearly supports the defendant in  **United States v. 191,910.00,** 16
F.3d 1051 1066-71  9th Cir (1994),  also see **United States v. 405,089.23,** 33
F.3d 1210 (1994).  Justice must prevail on this matter, because of the government
picking and choosing who has to pay for room and board for their crime, and
who doesn't.  It makes a bad precedent on this case because it clearly shows
prejudicial bias toward the defendant.  The prison system is full of inmates
that are repeat offenders and they are not being penalized with retitution
fee's, what makes the defendant any diffrent from other inmates?

## CONCLUSION

It be in sum that this defendant would respectfully request this Honorable District Court of the Northern Mariana Islands grant this 28 U.S.C. § 2255 (6) (3) and remand this case back before the District Court for resentencing. This case has plain error violations and violations of the defendant's 5th and Sixth amendment, and or constitutional rights.

Respectfully submitted:

Crispin Atalig Taitano, pro se
Reg no: # 00462-005
Federal Correctional Institution
Post Office Box 9000
Safford, Arizona 85548

-12-

## CERTIFICATE OF SERVICE


I, _____, hereby certify that


on the _____ day of _____, 2007.


I mailed a true and correct copy of the foregoing:

MOTION TO REMOVE COUNSEL OF RECORD &
MOTION TO VACATE SET ASIDE OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255 (6) (3)


      to the following individual(s) :

      Clerk Of The Court of the Northern          United States Attorney
      Mariana Islands                             District Of Guam
                                                  Suite 500 Sirena Plaza
                                                  108 Herman Cortez Ave.
                                                  Hagatna, Guam 96910


by U.S Postal Service, postage prepaid. *


                                        _____


                                        _____


* Pleadings by prisoners who represent themselves are to be
considered filed at the moment such pleadings are delivered to
prison authorities for fowarding to the court clerk. Houston v. Lack,
487 U.S 266, 101 L. Ed 2d 245, 108 S. Ct 2379 (1988).